IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JOE EARL MORGAN                                        PETITIONER


vs.                   Civil Case No. 5:06CV00015 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Joe Earl Morgan, an inmate of the Arkansas Department of Correction. Petitioner was charged in state court with rape and sexual assault. He apparently filed a motion to dismiss for lack of speedy trial (See State's Response to Defendant's Motion to Dismiss for Lack of Speedy Trial, Exhibit 10 to Respondent's Amended Response). The trial court held a pre-

2

trial hearing on November 25, 2003, and determined his right to a speedy trial had not been violated (See Order Denying Defendant's Rule 37 Motion, Exhibit 4 to Respondent's Amended Response).  On December 4, 2003, Petitioner entered an unconditional guilty plea to the charges, and the trial court sentenced him to concurrent sentences of sixty years and thirty years imprisonment (Judgment and Commitment, Exhibit 1 to Respondent's Amended Response). Because of his unconditional guilty plea, Petitioner was not entitled to a direct appeal.  Ark. Rules App. P.-Crim. 1.  On February 25, 2004, he filed a petition for post-conviction relief[1] under Rule 37 of the Arkansas Rules of Criminal Procedure (Exhibit 2 to Respondent's Amended Response), which the trial court dismissed on June 18, 2004 (Exhibit 4 to Respondent's Amended Response).

Instead of filing an appeal of that order, Petitioner filed a motion on June 29, 2004, asking the trial court to modify its order of dismissal (Exhibit 5 to Respondent's Amended Response).  On July 28, 2004, he filed a notice of appeal of the order of dismissal (See Exhibit 7 to Respondent's Amended Response, p.1).  On August 2, 2004, the trial court denied the motion to modify (Exhibit 6 to Respondent's Amended Response).  On August 8, 2004, Petitioner

---

[1]     According to the response filed by the prosecutor (Respondent's Exhibit 3) and the Arkansas Supreme Court (Respondent's Exhibit 6), although Petitioner actually entitled the pleading an "Amended Petition," it did not appear he filed a prior petition.

filed a second notice of appeal and lodged an appeal from the trial court's orders entered on June 18, 2004, and August 2, 2004 (See Exhibit 7 to Respondent's Amended Response, p.1).  The Arkansas Supreme Court dismissed his appeal on January 6, 2005 (Exhibit 7 to Respondent's Amended Response).  Petitioner then filed a motion for reconsideration, which the court denied on February 24, 2005 (Exhibit 8 to Respondent's Amended Response).  He also filed a motion for a belated appeal of the trial court's June 18, 2004, order denying the Rule 37 petition, but the Arkansas Supreme Court denied that motion on January 19, 2006 (Exhibit 9 to Respondent's Amended Response).

In the present proceeding, Petitioner raises the following grounds for relief:

> 1.  His attorney was ineffective in that he failed to preserve his right to appellate review of his speedy trial claim when he entered his guilty plea;
>
> 2.  The trial court violated his right to due process when it allowed the state longer than thirty days to conduct his mental examination;
>
> 3.  His attorney was ineffective in that he allowed the prosecutor to obtain full disclosure of his mental health evaluation without an order, which created a conflict of interest and
>
> 4.  The Arkansas Supreme Court violated his right to due process when it unreasonably and arbitrarily interpreted his motion in the trial court to modify its order of dismissal because he was trying to preserve for review an issue not addressed by the trial court.

Respondent admits Petitioner is in his custody pursuant to these convictions and that he has no non-futile state remedies

available to him.  He argues, however that the petition should be dismissed as procedurally barred because Petitioner did not file a timely appeal of the order denying his Rule 37 petition, he has not shown cause for the default or resulting prejudice, and he has not demonstrated he is actually innocent of the charges.  Petitioner denies he procedurally defaulted his claims and contends the state court misinterpreted his motion for modification and that it misinterpreted Arkansas law.

## I.

Petitioner's Rule 37 motion was a narrative, devoted primarily to his claim of ineffective assistance of counsel regarding his pre-trial mental evaluation.  He also raised a speedy trial claim. In its order denying the petition, the trial court found he had not established the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), since he stated in his petition that he had entered his guilty plea to "spare his family a trial."  The court explained that it had held a hearing on the substantive speedy trial claim and found the issue should have been raised on direct appeal rather than in a Rule 37 petition (Exhibit 4 to Respondent's Amended Response).

In his motion for modification, Petitioner stated he had raised three distinct issues in his Rule 37 petition, and that the trial court had failed to address the following issue:

(b)  Trial  court  committed  jurisdictional  abuse  of
discretion   where   the   court   ordered   sua   sponte   the
defendant's trial period set forth in Ark.R.Crim.P. Rule
28.1(c) extended for an extra period of sixty days when
it violated Ark.Code Ann. § 5-2-305 (b)(1)(3) limitation
to  thirty  (30)  days  for  the  purpose  of  a  mental
evaluation unless the director or his designee state such
period of time is necessary for the purpose.

Exhibit 5 to Respondent's Amended Response.

In its order denying the motion for modification, the trial

court stated it had not extended the time for the examination and

that the time limitation for a speedy trial had been tolled at the

request of the defense for a mental examination.  It reiterated

that it had addressed the speedy trial claim after a pre-trial

hearing and that Petitioner should have raised the issue on direct

appeal rather than in a Rule 37 petition (Exhibit 6 to Respondent's

Amended Response).

In its opinion dismissing Petitioner's appeal on January 6,

2005, the Arkansas Supreme Court interpreted his motion for

modification as a motion for reconsideration and held that such

motions are not allowed under Rule 37.2(d)[2] following the denial of

Rule 37 relief.  It then found Petitioner's first notice of appeal

was not timely, and that, even though the second notice of appeal

was timely with respect to the trial court's order denying the

---

[2]  Rule 37.2(d) provides as follows:

(d) The decision of the court in any proceeding under
this rule shall be final when the judgment is rendered.
No petition for rehearing shall be considered.

motion for modification, the appeal had no merit because such motions are not allowed (Exhibit 7 to Respondent's Amended Response).

In its order denying Petitioner's motion for reconsideration on appeal, the Arkansas Supreme Court acknowledged that a motion for modification in the trial court is acceptable under Arkansas law if it requests the court to modify its order to address omitted issues and it is not a request for a rehearing. It found, however, that Petitioner's motion for modification merely restated the issues raised in his Rule 37 motion with further argument, and since the court had already ruled on the issues, the motion was an unauthorized motion for rehearing or for reconsideration (Exhibit 8 to Respondent's Amended Response).

In its order denying Petitioner's motion for a belated appeal, the Arkansas Supreme Court reiterated that Petitioner's first notice of appeal was untimely and that his second notice of appeal pertained to an unauthorized motion. It further found that Petitioner had not shown good cause for filing a belated appeal and denied the motion (Exhibit 9 to Respondent's Amended Response).

## II.

Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner

establishes cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental miscarriage of justice.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-31, 749-50 (1991).  A state court's dismissal of an appeal of a motion for post-conviction relief because the motion did not comply with state procedural rules constitutes a procedural default.  <u>See Lowe-Bey v. Groose</u>, 28 F.3d 816, 818 (8th Cir. 1994)(finding petitioner's failure to appeal denial of post-conviction relief according to state procedural rules constituted procedural default).

Petitioner argues he did not procedurally default his claims, because the state court's finding that the motion for modification was not authorized under Rule 37.2 is incorrect, since the motion asked the trial court to rule on "issue b" in order to preserve it, which he contends is allowed under <u>Beshears v. State</u>, 340 Ark. 70 (2000), and <u>Collins v. State</u>, 324 Ark. 322 (1996).  "Federal courts should not consider whether the state court properly applied its default rule to the claim; federal courts do not sit to correct a state court's application of its procedural rules..., except in unusual circumstances."  <u>Clemons v. Luebbers</u>, 381 F.3d 744, 750 (8th Cir. 2004), citing <u>Sweet v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, <u>Sweet v. Bowersox</u>, 523 U.S. 1010 (1998).

> [I]t is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law. <u>See Wainwright v. Sykes</u>, 433 U.S. 72, 87, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977);

see also May v. State of Iowa, 251 F.3d 713, 2001 WL 515053 at *3 (8th Cir. May 16, 2001).

Murray v. Hvass, 269 F.3d 896, 898 (8th Cir. 2001), cert. denied, 535 U.S. 935 (2002).

The "adequacy" of the state procedural rule, however, is ordinarily a question of federal law. Lee v. Kemna, 534 U.S. 362, 375 (2002). In exceptional cases, "exorbitant application of a generally sound rule" may render a state procedural ground inadequate to bar consideration of a federal constitutional claim. Id. at 376.

Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure-Criminal provides that a Rule 37 petitioner must file his notice of appeal within thirty days from the date of the entry of an order denying his Rule 37 petition. The court has examined Petitioner's Rule 37 petition and his motion for modification, and I find "issue (b)" was merely one segment of Petitioner's ineffective assistance of counsel argument and his substantive speedy trial claim. The trial court did not mistakenly omit the issue from its decision, it merely based its decision on different grounds-- that Petitioner had not established the prejudice prong of his ineffective counsel claim and that the substantive speedy trial claim should have been raised on direct appeal (Exhibit 4 to Respondent's Amended Response, p. 1).

Given the Arkansas Supreme Court's interpretation of the pleadings, I do not find its dismissal of Petitioner's appeal was

an exorbitant application of its own rules or the Arkansas Rules of Criminal Procedure. Thus, I find the Arkansas Supreme Court's refusal to address the merits of Petitioner's appeal was based on an independent and adequate state procedural ground, and Petitioner must establish cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 729-31, 749-50.

III.

As cause for the default, Petitioner contends he relied on <u>Beshears</u> and <u>Collins</u> when he filed his motion for modification, believing he had to file that motion in order to preserve his issues for appeal. Respondent did not address this argument.

On April 20, 1995, Jeffrey Lee Collins filed a motion for reconsideration of the denial of his Rule 37 petition. The trial court denied the motion. On appeal, the State argued Collins' appeal was untimely, but the Arkansas Supreme Court found that, under Rule 36.22 of the Arkansas Rules of Criminal Procedure, a defendant could file a motion for reconsideration in a Rule 37 proceeding and the time for filing an appeal did not expire until thirty days after the order denying reconsideration. <u>Collins v. State</u>, 349 Ark. at 325.

In 2000, however, the court in <u>Beshears</u> distinguishes between a pleading that requests the Rule 37 "trial court modify its order

to include an omitted issue" and a pleading that requests a "rehearing that is prohibited by Rule 37.2(d)." <u>Beshears v. State</u>, 340 Ark. at 73.  Although Petitioner's motion was titled a motion for modification, it was actually a request for the court to reconsider the speedy trial issue and, perhaps the ineffective assistance of counsel issue as well.  Despite <u>Collins</u>, which was decided in 1996, <u>Beshears</u> and Rule 37.2(d) put Petitioner on notice that, at the time of his Rule 37 proceeding, he could not ask for such reconsideration.  I find Petitioner has not established sufficient cause for his procedural default.  I further find he has not alleged that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  <u>House v. Bell</u>,___ U.S. ___, 126 S.Ct. 2064, 2076-77 (2006), quoting <u>Schlep v. Delo</u>, 513 U.S. 298, 327 (1995). Petitioner's claims are procedurally barred and may not be considered.  In light of this finding there is no need to address Respondent's other claims.  Petitioner's Motion to Strike Petitioner's Traverse to Amended Response to Reply and For Permission to File a Replacement Amended Traverse to Amended Response to Petition for Habeas Corpus (DE #20) is granted.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 12th day of December, 2006.

_Henry L. Jones, Jr._
United States Magistrate Judge