IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE EARL MORGAN                                                    PETITIONER

vs.                        Civil Case No. 5:06CV00015 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                 RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Weber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the

following:

1.   Why the record made before the Magistrate Judge is
     inadequate.

2.   Why the evidence proffered at the hearing before
     the District Judge (if such a  hearing is granted)
     was  not  offered  at  the  hearing  before  the
     Magistrate Judge.

3.   The  detail  of  any  testimony  desired  to  be
     introduced at the hearing before the District Judge
     in the form of an offer of proof, and a copy, or
     the original, of any documentary or other non-
     testimonial evidence desired to be introduced at
     the hearing before the District Judge.

From  this  submission,  the  District  Judge  will  determine  the

necessity for an additional evidentiary hearing, either before the

Magistrate Judge or before the District Judge.

     Mail your objections and "Statement of Necessity" to:

          Clerk, United States District Court
          Eastern District of Arkansas
          600 West Capitol Avenue, Suite 402
          Little Rock, AR 72201-3325


                          **<u>DISPOSITION</u>**

     This court entered Proposed Findings and Recommendations in

this matter on December 21, 2006, finding the petition should be

dismissed as procedurally barred because the state court's refusal

to address the merits of Petitioner's Rule 37 appeal was based on

an  adequate  and  independent  state  procedural  rule,  of  which

Petitioner had sufficient notice, and because Petitioner did not

establish sufficient cause for the default (DE # 21).  Petitioner

filed objections to the recommendation (DE # 23) and a "Statement of Necessity for Hearing on Newly Discovered Evidence" (DE # 24). The District Court referred the statement of necessity to this court for consideration, finding it contained a ground for relief that was not included in the original petition (DE #26).


I.

In his statement of necessity, Petitioner asserts he would not have entered his guilty plea and would have insisted on going to trial, if he had known the State of Arkansas "possessed means of providing" him "medical scientific evidence" that would have aided him in a defense of insanity.  He states he did not pursue an insanity defense because, although he was declared psychotic and hospitalized for treatment, the report from the Arkansas State Hospital stated he was malingering regarding alleged auditory hallucinations.  He contends this assessment was based only on subjective observation while he was "hospitalized and being medicated for major depression and a diagnosed psychotic episode."

Petitioner alleges in his "Response Supplementing Petitioner's Statement of Necessity for Hearing on Newly discovered Evidence" (DE #32) that he learned in November of 2006 from other prison inmates who suffered from auditory hallucinations that the state hospital can verify a patient's allegations of auditory hallucinations by subjecting him or her to an electroencephalograph

(EEG), which measures brain activity, and that these inmates had been given this test.  Petitioner further contends passages from textbooks such as Personality Psychology by Dr. Randy Larsen, Ph.D., of Washington University and David Buss, Ph.D., of the University of Texas at Austin and Abnormal Psychology, Clinical Perspectives on Psychological Disorders, by Dr. Richard Halgin, Ph.D., of Amherst College and University of Massachusetts and Dr. Susan Whitbourne, Ph.D., Professor of Psychology at Amherst College and the University of Massachusetts support the statements of the inmates.  His contention seems to be that, because these articles explain that an EEG can measure patterns in brain waves in various areas of the brain while a subject is performing particular mental tasks, one of which could be processing verbal or audible information, and auditory hallucinations involve hearing sounds, an EEG could detect if he were actually having an auditory hallucination.  With this information he could refute, or the psychiatrists would never have reached, the conclusion that he was malingering, and he could have used insanity as a defense (DE # 32, pp. 7-9).

Petitioner further alleges he believes the State Hospital physicians had access to this testing through its own facilities or through the Arkansas University for Medical Sciences Hospital, but failed to provide the procedure to him, which "denied crucial evidence which would have had a clear effect on a viable defense

against the charges he faced, and his decision of whether he would have gone to trial...." (DE #24, p. 5).   He also contends the Arkansas State Hospital has a responsibility to discover "through research, medical truths bearing on the mental and psychiatric state of its citizens to help promote a good quality of mental health as well as physical health, whether the citizen is committed to its care through civil or criminal commitment, voluntary or involuntary (DE # 32, p. 10).


                              II.

     In response (DE # 46), Respondent submits affidavits from Dr. O. Wendell Hall, III, the Forensic Medical Director at the Arkansas State Hospital, and Dr. Michael J. Simon, Forensic Psychologist Supervisor at the State Hospital, who attest that the Arkansas State Hospital has never used EEG testing to assess for the presence of auditory hallucinations, and they are unaware of any evidence that would suggest an EEG would be useful in diagnosing that condition (Respondent's Exhibit 2, DE # 46).   In addition, Respondent argues Petitioner has not provided any direct quote from the cited authors stating unequivocally that an EEG can demonstrate a person is having auditory hallucinations, but rather provides quotes generally describing how an EEG is administered, and that his allegations are merely suppositions (DE # 46, pp. 2-3); Petitioner never raised this claim in any of his previous state or

federal pleadings and the allegation is procedurally barred; the Fourth Edition of the Halgin/Whitbourne textbook relied upon by Petitioner was published in July of 2002 and, consequently, was available to Petitioner before his 2003 mental evaluations and guilty plea, and therefore his allegations are not "new evidence," and the claim is untimely because it does not relate back to the filing of the original § 2254 petition.   Id. at 3.


                                  III.

     In reply (DE # 47), Petitioner contends a competence claim is of such fundamental nature it is exempt from the procedural default doctrine and that, in any event, his competency was at issue as far back as September 16, 2002, when the state court ordered him to undergo a psychological examination, until November 20, 2003, when the court determined he was competent to stand trial (id. at pp. 2-3); he has no means of providing copies of the textbooks, but would not object to Respondent providing the means to obtain such copies, id. at pp. 5-6; he relies on the Fifth Edition of the Halgin/Whitbourne textbook, which was not published until 2007, long after his evaluations and state post-conviction proceedings, id. at pp. 8-9; his amended claim is not untimely because the "last exhausted state remedy was finalized" on January 19, 2006, and he filed his amended petition (Objection to Recommended Disposition and statement of necessity, DE #'s 23 & 24) within one year of that

                                   6

date on December 21, 2006, id. at pp. 10-11, and the amended claim

should relate back to the original pleading because the original

petition "clearly states a claim of state prosecutor's misconduct

involving the petitioner's mental health evaluations, which in turn

created a conflict between Morgan and his trial counsel, resulting

in ineffective assistance of counsel and a denial of a fair

opportunity to a fair trial." Id. at pp. 11-12.  As Petitioner

phrases the issue in his latest pleading, it is that the prosecutor

and the state hospital staff physicians "worked together through

collusion" to deny him "an examination with the scientific

capability of detecting auditory stimuli on the brain by recording

any unevoked electrical activity in the region of the brain which

is scientifically determined responsible for processing auditory

stimulation on the brain," and his attorney knew about this and

acquiesced in it, creating a conflict of interest.  Id. at pp. 12-

16.


                                 IV.

     There is no need to determine whether the petition is untimely

or procedurally barred because, even if I were to find it is

properly before the court, Petitioner would not be entitled to

relief.  It has long been recognized that

          a guilty plea represents a break in the chain of events
          which have preceded it in the criminal process.  When a
          criminal defendant has solemnly admitted in open court
          that he is in fact guilty of the offense with which he is

> charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 771 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  The United States Supreme Court established in Hill v. Lockhart, 474 U.S. 52, 56-60 (1985), that the standard for effective assistance of counsel it had set forth in Strickland v. Washington, 466 U.S. 668 (1984), applied to guilty pleas.  Under Strickland, a defendant must show counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced thereby.  Id., at 687-688.  Under Hill, in order to satisfy Strickland's prejudice prong, a defendant who has entered a guilty plea must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 58-59.

Thus, in order to be entitled to relief, Petitioner here must show it was objectively unreasonable for counsel to advise him to plead guilty when there was a test available to him that would have supported his insanity defense, and but for this error he would not have entered his guilty plea and would have insisted on going to trial.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted.

8

>Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time.  The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.  A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action....

>We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought....

Brady v. United States, 397 U.S. at 756-57.

Here, Petitioner has not sufficiently shown counsel acted unreasonably in advising him to plead guilty.  The court agrees with Respondent's assessment that the quotations from the textbooks provided by Petitioner do not directly support his contention that an EEG could have confirmed his allegation of auditory hallucinations, and this claim is based only on his suppositions and his unsupported hearsay allegation that other inmates told him they were given an EEG for this purpose.  Moreover, Petitioner's allegations of collusion and conflict of interest are conclusory and totally unsupported by facts.  Given the affidavit from Dr. Hall and Dr. Simon attesting that the Arkansas State Hospital has never used EEG testing to assess for the presence of auditory hallucinations and they are unaware of any evidence suggesting an

EEG would be useful in diagnosing that condition (Respondent's Exhibit 2, DE # 46), it is unclear what Petitioner is suggesting counsel could have done to confirm he suffered from hallucinations.

The court interprets Petitioner's objections to the recommended partial disposition (DE # 23) and "Statement of Necessity for Hearing on Newly Discovered Evidence" (DE # 24) as a motion to amend and a request for an evidentiary hearing, which should be denied because the allegations do not entitle Petitioner to relief.

IT IS THEREFORE ORDERED that Petitioner's request to amend and request for an evidentiary hearing be, and they are hereby, denied with prejudice.  All pending motions are hereby denied.

SO ORDERED this 6th day of March, 2008.


_____
Henry L. Jones, Jr.
United States Magistrate Judge