**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE EARL MORGAN                                                                                     PETITIONER

VS.                                    CASE NO. 5:06CV00015 SWW

LARRY NORRIS, Director,
Arkansas Department of Correction                                                              RESPONDENT

**ORDER**

On March 25, 2008, the Court adopted the recommended disposition of United States Magistrate Judge Henry L. Jones, Jr. and dismissed Morgan's petition for writ of habeas corpus on the ground that his claims are procedurally defaulted, and he has failed to establish sufficient cause for the default. Additionally, as recommended by Judge Jones, the Court denied Morgan's motion to amend the petition.[1] Now before the Court are Morgan's motion for relief from the judgment and motion for a certificate of appealability. After careful consideration, both motions will be denied.

A certificate of appealability certifies that the applicant has made a substantial

---

[1] Morgan sought to amend his petition to add a claim that he would not have entered his guilty plea if he had known that medical tests existed that might have provided the basis for an insanity defense. Once a plea of guilty has been entered, non-jurisdictional challenges to a conviction are waived. A defendant who has pleaded guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that he received ineffective assistance of counsel. *See Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602 (1973). For the reasons explained in Judge Jones's recommended disposition entered March 6, 2008, Morgan is unable to make such a showing. *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999) (although leave to amend should be freely granted when justice so requires, permission to amend may be denied when the proposed amendment would be futile).

showing of the denial of a constitutional right, that is, a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See, e.g., Carson v. Director of the Iowa Dept. of Correctional Services*, 150 F.3d 973, 975 (8th Cir. 1998), *cert. denied*, 525 U.S. 1079 (1999). With respect to claims that are procedurally barred, the Eighth Circuit has summarized the factors to consider when determining whether a certificate of appealability should issue when a habeas claim is denied on procedural grounds: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). *See also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

After careful review, the Court finds that the standard for a certificate of appealability is not met in this case. Additionally, the Court finds no basis for granting relief from the judgment. It is therefore ordered that Petitioner's motion for a certificate of appealability (docket entry #56) and motion for relief from the judgment (docket entry #54) are DENIED.

IT IS SO ORDERED THIS 7th DAY OF APRIL, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE